RYSDYKE v. TOWN OF MT. HOPE.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

HIGHWAYS—KNOWN DEFECTS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
    In a suit to recover for personal injuries sustained by plaintiff in being thrown from a threshing machine on which he was riding, on a dark night, by reason of the wheels thereof colliding with a rock in defendant's highway, extending across the road, and several inches above it, where there was evidence that he knew of the defect, and had watched for it, and was exercising due care, and supposed he had passed it when the accident happened, it was error to refuse to submit to the jury the question of his negligence, and to charge, as a matter of law, that he was guilty of contributory negligence.

Appeal from trial term, Orange county.

Action by George H. Rysdyke against the town of Mt. Hope. From a judgment entered on a dismissal of his complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John C. R. Taylor, for appellant.

John L. Wiggins, for respondent.

GOODRICH, P. J. The plaintiff sues for damages for personal injuries sustained in being thrown from a threshing machine or cleaner on which he was riding, at night, on a common highway of the defendant town. As the court dismissed the complaint at the close of the plaintiff's evidence, we must assume that construction of it which is most favorable to the plaintiff. The highway in question extends through the town of Mt. Hope, and is one of the main arteries of traffic between Middletown and Port Jervis, two prominent municipalities of the county of Orange. At the time of the accident the fore-wheels of the machine struck a rock embedded in the highway, and the jolt threw the plaintiff to the ground. This rock extended entirely across the highway, several inches above the roadbed, and was not covered with earth; the result being to leave depressions or gullies on either side, worn by the sliding or falling of the wheels as they passed over and off the rock. The accident happened in the autumn, and the road had not been repaired during the previous spring or since. The plaintiff sat on a box several feet above the wheels, and a platform, ordinarily used when the cleaner was at work, was turned up to form a brace for the driver's feet. The plaintiff knew of the existence of the rock and gullies, and had been on watch for the place, but supposed he had passed it, when the sudden contact of the wheels with the rock threw him off the seat.

The plaintiff had the right to drive this machine on the road at night, and as there was evidence tending to show that this was customary, and that he was exercising due care, we do not think the court could properly say that the evidence was sufficient, as matter of law, to charge the plaintiff with contributory negligence. That question should have been submitted to the jury.

In view of the fact that the negligence of the defendant does not seem to have been considered by the trial court, and that the case was determined solely on the theory that the plaintiff was guilty of contributory negligence, we do not consider it necessary, on this appeal, to discuss the question of the defendant's negligence in failing to repair the road.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.